*Palmer, for appellant.*

---

ELIJAH LITTON, ETC., *v.* MARY E. CARTY, ETC.

**Sheriff and Constable—Failure to Return Execution—Motion—Judgment—
No Defense that Whole of Execution Could Not Have Been Made.**
It is no defense, on a motion against a sheriff for failure to return an execution within thirty days, that the whole of the execution could not have been made. The restrictive provision of the statute as to executions against insolvent defendants does not apply.

APPEAL FROM WHITLEY CIRCUIT COURT.

October 28, 1871.

OPINION BY JUDGE HARDIN:

This appeal is prosecuted by the appellant, Litton, late sheriff of Whitley county, and the sureties in his official bond from a judgment rendered upon a motion against them for $959.86, with interest from the 30th of March, 1867, and $281.80 damages for the failure of the sheriff to return an execution which came to his hands against J. R. Evans and W. H. Duncan, for thirty days after the return day thereof, without reasonable excuse for such failure.

The execution was for $667.87 with interest from the 11th of April, 1860, and $11.50 costs, and was returnable on the third

Monday in January, 1867, and appears to have been returned in March, 1867.

The defendant attempted to show a reasonable excuse for the failure to return the execution by proving that it was lost by a deputy sheriff, but although he proved the loss of his coat with the execution in a pocket of it, it appears that thirty days had then elapsed after the return day and the liability of the sheriff and his sureties had already accrued before the loss of the coat.

Nor could the judgment have been avoided on the ground that the whole of the execution could not be made. As it sufficiently appears that Evans had property out of which a part of it could have been made and the restrictive provision of the statute as to executions against insolvent defendants, not having property in the county out of which any part of an execution could be made, does not apply as was decided by this court in *Goodrum v. Root, etc.*, 2 Metcalf 427.

Nor is the responsibility of the sheriff and his deputies diminished in this case by the act of August 28, 1862, to amend article 18, of chapter 36, of the Revised Statutes (Myers' Supp. 213). That act being restricted in its application to cases in which all or a part of the debt is paid over and nothing in its terms or by any reasonable construction could apply in a case like this.

The foregoing opinion was heretofore delivered in this case with a mandatory order affirming the judgment, but on the petition of the appellants, a rehearing was granted. From a more careful examination of the record we find the judgment is erroneous in allowing interest on the $959.36 adjudged, from the 30th day of March, 1867, instead of the 30th of November, 1867, as claimed in the notice. The judgment is now reversed and the cause remanded for a new trial and for further proceedings not inconsistent with this opinion.

*Rodman, for appellant.*

*James, for appellee.*